
■ ■ **BARNES &**
■ ■ **THORNBURG** LLP

1776 on the Green
67 East Park Place, Suite 1000
Morristown, NJ 07960-7105 U.S.A.
(973) 775-6101
Fax: (973) 775-6102

www.btlaw.com

Michael C. Zogby
Partner
(973) 775-6110
Michael.Zogby@btlaw.com

June 13, 2024

**VIA ECF**
Hon. Robert Kirsch, U.S.D.J.
U.S. District Court for the District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
Courtroom 4E
Trenton, NJ 08608

   Re: *Attorney General of New Jersey et al. v. The Dow Chemical Co. et al.,*
      No. 3:23-cv-02449

Dear Judge Kirsch:

  On behalf of Defendants The Dow Chemical Company ("Dow"), Vibrantz Corporation f/k/a Ferro Corporation, and Legacy Vulcan, LLC f/k/a Vulcan Materials Company (collectively "Defendants"), we write to respectfully request that the Court extend the current stay of execution of its April 23, 2024 remand order (ECF No. 87) ("Remand Order") until one week after the Court rules on Defendants' motion to stay the Remand Order pending appeal (ECF No. 93).

  The Remand Order was automatically stayed for 30 days under Federal of Civil Procedure 62(a). The Court then granted the parties' May 8, 2024 stipulation, which extended the stay until tomorrow, June 14, 2024. When entering into that stipulation, the parties agreed that a stay was warranted to allow both sides to "fully brief Defendants' motion and to give the Court the opportunity to decide that motion before the current stay of the Remand Order expires." Stipulation and Order to Extend Stay of Execution of the Remand Order Until June 14, 2024 (ECF No. 96) at 1–2.

  As Defendants' motion is still pending, Defendants respectfully request that the Court enter an administrative stay extending the current stay until one week after the Court rules on the pending motion for a stay pending appeal. Courts "frequently issue[] an administrative stay to permit time for briefing and deliberation," including in the context of motions for a stay pending appeal. *United States v. Texas*, 144 S. Ct. 797, 798 (2024) (Barrett, J., concurring in denial of motion to vacate stay). That is because "[d]eciding whether to grant a stay pending appeal requires consideration of the four *Nken* [*v. Holder*, 556 U.S. 418 (2009)] factors, which include an assessment of the [movant]'s likelihood of success on the merits. That is not always easy to evaluate in haste, and an administrative stay buys the court time to deliberate." *Id.* Indeed, this Court has broad discretion to enter an administrative stay in any number of circumstances. *See, e.g., Wynne v. United States Off. of Pers. Mgmt.*, No. 15-4157 (RBK/KMW), 2016 WL 3046254, at *1 (D.N.J. May 27, 2016)

Robert Kirsch, U.S.D.J.
June 13, 2024
Page 2

(granting administrative stay); *M.L.R. v. Comm'r of Soc. Sec. Admin.*, No. CV 21-17326 (RMB), 2022 WL 16854307, at *2 (D.N.J. Nov. 10, 2022) (same).

   Absent a continued stay, this case may be transferred to the state court, which would complicate this Court's ability to rule on the pending motion for a stay pending appeal, as well as effectively nullify Defendants' right to appeal the remand order. An extension of the stay of execution of the Remand Order until one week after the Court rules on Defendants' motion for a stay pending appeal is warranted.

   Defendants asked Plaintiffs to stipulate to the relief requested, and Plaintiffs did not agree to do so.

   We thank the Court for its time and consideration of this matter.

Respectfully submitted,

/s/ *Michael C. Zogby*
 Michael C. Zogby
 Attorney for The Dow Chemical Company

/s/ *Felice B. Galant (with consent)*
 Felice B. Galant
 Attorney for Legacy Vulcan, LLC, formerly
 known as Vulcan Materials Company

/s/ *Eric Blumenfeld (with consent)*
 Eric Blumenfeld
 Attorney for Vibrantz Corporation
 (f/k/a Ferro Corporation)

SO ORDERED

Robert Kirsch, U.S.D.J.
Date: June 14, 2024

cc: All counsel of record (via ECF)

**BARNES & THORNBURG** LLP